IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-78-D

| | | |
|---|---|---|
| HENRY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Henry Mitchell ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits ("benefits"). Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objection to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original &

---

[1]Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security. Accordingly, Michael J. Astrue is substituted as the official-capacity defendant. See Fed. R. Civ. P. 25(d) (2007).

emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objection, and the response. As for those portions of the M&R to which plaintiff does not object, there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objection to the M&R, the court applies the same legal standard that Judge Gates discussed in the M&R. See M&R 5–6. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On June 8, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. R. at 33. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520 (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can

2

perform other work in light of his age, education, work experience, and RFC. See id.; M&R 3; R. at 14. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On August 30, 2005, the ALJ denied plaintiff's application for benefits. See R. at 13–22. At step one in the five-step process, the ALJ reviewed plaintiff's work history since the alleged onset of disability and found that plaintiff had not engaged in substantial gainful activity during that time period. Id. at 14, 21. The ALJ noted that plaintiff had done minimal work as a mock patient for the medical school at the University of North Carolina which did not rise to the level of substantial gainful activity, but which "[did] demonstrate, to some degree, the claimant's ability to work." Id. at 14. At step two, the ALJ carefully reviewed plaintiff's medical history and determined that plaintiff suffered from bipolar disorder, a severe impairment. Id. at 15–18, 21. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment under 20 C.F.R. § 404, Subpart P, App. 1. Id. at 18, 21. At step four, the ALJ evaluated the record and determined that plaintiff possessed the RFC to perform work at all levels of physical exertion as well as "repetitive tasks in a low stress and stable environment" and "non-production jobs with occasional interaction with co-workers and supervisors." Id. at 18–19, 21. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and found that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 19–20. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 21.

The Appeals Council denied plaintiff's request for review on December 9, 2005, making the ALJ's decision the final decision of the Commissioner. See id. at 5–8; M&R 2. Plaintiff

3

commenced this action, and the parties filed cross-motions for judgment on the pleadings.

III.

Plaintiff objects to Judge Gates' finding that there exists substantial evidence to support the ALJ's determination that plaintiff is not disabled. See Pl.'s Obj. to M&R 1. Plaintiff contends that there is no evidence to "confidently assure that [plaintiff] would be able to keep up with work activity." Id. at 2. Essentially, plaintiff argues that even if he is capable of work, he is disabled unless there is a guarantee that he can continue to perform that work. See id. at 1 ("The contention is in [plaintiff's] ability to sustain work activity."); Pl.'s Mem. in Supp. of Pl.'s Mot. for J. on the Pleadings 17 ("[T]he record does support an ability to work, but it also supports the reality that even with such ability, [plaintiff]'s capacity to sustain work is not guaranteed."). Simply put, the law contains no such requirement.

It is true that "substantial gainful activity" means more than the ability to merely perform a job; it also includes the ability to hold that job. See Singletary v. Bowen, 798 F.2d 818, 822 (5th Cir. 1986); see also Gatliff v. Comm'r of the Soc. Sec. Admin., 172 F.3d 690, 693–94 (9th Cir. 1999) (collecting cases). However, these authorities do not support the proposition that the evidence must guarantee a claimant's ability to work. A claimant's metaphysical doubt over his permanent employability is not the issue.

Rather, the issue is whether substantial evidence supports the ALJ's determination that plaintiff has the ability to maintain a job. Here, the ALJ canvassed the record, and specifically considered "the extent to which the claimant's [bipolar disorder] interferes with his ability to function . . . on a sustained basis." R. at 17. The ALJ carefully reviewed the medical evidence, which showed that plaintiff's bipolarism responded relatively well to medication, that his symptoms

4

were relatively stable, and that his prognosis was good. See id. at 15–17. The ALJ specifically found that "with the appropriate treatment regimen including medication, the claimant experiences little effect or limitation in every day life." Id. at 18.

Although there is contrary evidence in the record, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. The ALJ's decision is supported by "more than a mere scintilla of evidence," Celebreeze, 368 F.2d at 642, and must accordingly be affirmed. Craig, 76 F.3d at 589. Moreover, the facts in this case simply do not rise to the level illustrated in other cases where the claimant was found incapable of maintaining sustained employment. Compare, e.g., Dix v. Sullivan, 900 F.2d 135, 136–38 (8th Cir. 1990) (claimant suffered from debilitating, uncontrollable intestinal disease requiring external fecal collection device necessitating seven to eight changes per day, which disease manifested itself at least once per month and incapacitated claimant for up to several weeks at a time) with R. at 17 (finding that plaintiff's bipolarism has been well-managed and only "results in mild restrictions of activities of daily living and moderate difficulties in maintaining social functioning."); cf. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

IV.

For the reasons stated above, plaintiff's objection to the M&R is OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This 26 day of December 2007.

                                        JAMES C. DEVER III
                                        United States District Judge